UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————-X
DANIEL JEAN-GILES

                                    Plaintiff,

                                              COMPLAINT
                                              NON-JURY TRIAL

—Against—


ROCKLAND COUNTY, EDWIN DAY,
*individually*, and JOSE GUILLERMO ROSA,
*individually*

                                    Defendants.
————————————————————————-X

Daniel Jean-Giles, by the Law Offices of Ambrose Wotorson, alleges as follows:

## I.  **INTRODUCTION**

1.  Daniel Jean-Giles, whom at all relevant times, served in the position of Human Rights Specialist for Rockland County, was subjected to gender discrimination.

2.  Daniel Jean-Giles was also subjected to failures to promote, the last instance of which occurred on or about July 13, 2017.

3.  It is beyond dispute that Daniel Jean-Giles was satisfactorily performing, on a full-time basis at the time of the failures to promote him.

II.   **PARTIES**

4.  Daniel Jean-Giles, at all relevant times, served in the position of Human
    Rights Specialist for Rockland County. Daniel Jean-Giles resides in
    Rockland County, New York.

5.  Defendant Rockland County is a political subdivision in the State of New
    York. It may sue be sued, and at all relevant times, it employed Daniel Jean-
    Giles in the position of Human Rights Specialist, at one of its departments,
    the Rockland County Commission of Human Rights. Rockland County's
    headquarters is located at 11 New Hempstead Road, New City, New York,
    10956. At all relevant times, Rockland County acted under color of law and
    pursuant to its own practices, customs and policies.

6.  Defendant, EDWIN DAY, whom at all relevant times served as the
    Rockland County Executive and was the final policymaker and
    decisionmaker on all department appointments. He may sue and be sued, and
    he acted under color of law and/or pursuant to Rockland County's practices,
    customs and policies in refusing to promote plaintiff. He is herein sued in his
    individual capacity.

7.  Defendant JOSE GUILLERMO ROSA, at all relevant times served as the
    Rockland County Deputy County Executive and was both a policymaker and
    a decisionmaker on all department appointments. He may sue and be sued,

and he acted under color of law and pursuant to Rockland County's

practices, customs and policies in refusing to promote plaintiff. He is herein

sued in his individual capacity.

III.  **JURISDICTION**

8.  This Court has jurisdiction over this matter under 42 U.S.C. Sections

2000(e), 1981 and 1983. Moreover, the instant action is brought with 90

days of Plaintiff's receipt of a right to sue letter from the U.S. Equal

Employment Opportunity Commission. Venue is proper because the acts

complained of occurred in this judicial district.

IV.  **FACTUAL AVERMENTS**

9.  Daniel Jean-Giles (hereinafter, "Plaintiff") re-alleges all of the prior

paragraphs above, as if fully stated.

10. Plaintiff is a male.

11. Plaintiff was hired by the Rockland County Commission on Human Rights

on March 9, 1992 as a Human Right Specialist.

12. The Rockland County Commission on Human Rights is a department of

defendant, Rockland County.

13. For the past 27 years, Plaintiff has held the title of Human Rights Specialist

for the Rockland County Commission on Human Rights, and he has not

been permanently promoted to any higher positions despite serving in

various higher positions on an interim basis and performing other services for defendant outside of his Human Rights Specialist title and position.

14. Plaintiff's performance has been fully satisfactory at all relevant times, and in all positions that he has served in.

*ACTING COMMISSIONER OF HUMAN RIGHTS – April 2016*

15. In April 2016, the position of Commissioner of Human Rights became vacant when defendant separated the male incumbent.

16. Plaintiff was well-qualified to serve in this role in light of the fact that he had previously served in that position and title on a temporary basis, had previously performed the functions of that title and position, and he had, at the time, over 23 years of experience with the Rockland County Commission of Human Rights.

17. In April 2016, individual defendants, Rosa and Day, caused Maria Frank, who is a woman, and who was less experienced and less qualified than Plaintiff, to serve as an acting Commissioner of the Rockland County Commission of Human Rights.

18. Plaintiff was not solicited, consulted or asked about his interest in, or his availability to serve as the Acting Commissioner of the Rockland County Commission of Human Rights.

19. Moreover, defendants did not post any vacancy announcements or solicit any applications for the vacant Commissioner positioner.

*ACTING HEAD OF THE DEPARTMENT OF COMMUNITY DEVELOPMENT – November 16, 2016*

20. On November 16, 2016, individual defendants, Rosa and Day, caused Myrnia Bass-Hargrove, a woman, to be appointed as the Acting Head of the Department of Community Development of the Rockland County Commission of Human Rights.

21. Plaintiff was the sole employee of the Department of Community Development within the of the Rockland County Commission of Human Rights at the time, yet he was not solicited, consulted or asked about his interest in, or his availability to serve as the Acting Head of the Department of Community Development of the Rockland County Commission of Human Rights despite his 23 years of experience.

22. Moreover, defendants did not post any vacancy announcements or solicit applications for the vacant Head of the Department of Community Development position within the Rockland County Commission of Human Rights.

23. Plaintiff thus became Myrnia Bass-Hargrove's subordinate despite his having vastly more experience and qualifications that Frank.

24. Moreover, at the time of Myrnia Bass-Hargrove's acting appointment, Plaintiff, and not Myrnia Bass-Hargrove, had been conducting the bulk of the day-to-day activities in the one-person department.

*DEPUTY COUNTY EXECUTIVE'S ARTICULATION OF DISCRIMINATORY POLICY* – May 9, 2016

25. On May 9, 2016, Deputy County Executive Jose Guillermo Rosa, explicitly stated in a meeting with approximately eleven (11) other county employees, that defendant county was going to hire a woman for the recently-vacated position of Commissioner for the Rockland County Commission of Human Rights because the previous two Commissioners were men, and that these men had not "…worked out too well."

26. In other words, defendant Rosa, who was partially responsible for approving and hiring the Commissioner for the Rockland County Commission of Human Rights, explicitly articulated a policy to exclude men from consideration because the prior two men had "…not worked out too well."[1]

27. Independent, credible witnesses will verify Rosa's non-hearsay and admissible statement or a party-opponent.

---

[1] While defendant Guillermo later stated that men would be given some consideration, it was clear that there was a preference for a woman, and that any efforts by men to become so employed would be futile.

28. Moreover, to date, defendants have not denied that such a statement was made in a high-level county meeting on or about May 9, 2016 by the Deputy County Executive, Jose Guillermo Rosa.

29. Critically, defendant county and individual defendants did not post any vacancy announcements soliciting applications for the position, and neither Plaintiff nor any other males were solicited, recruited, asked about their interests or availability to serve in the position.

*ACTING COMMISSIONER FOR THE ROCKLAND COUNTY COMMISION OF HUMAN RIGHTS* - *May 23, 2016*

30. On May 23, 2016, defendants, including individual defendants Rosa and Day, caused a woman, Dr. Dorothy P. Jennings, to be appointed as Acting Commissioner for the Rockland County Commission of Human Rights.

31. However, on October 2016, the Rockland County Legislature rejected Dr. Jennings and refused to confirm her.

32. So, once again, the position of Commissioner for the Rockland County Commission of Human Rights became vacant.

33. And once again, defendant county and individual defendants did not any post vacancy announcements soliciting applications for the position, and neither plaintiff nor any other males were solicited, recruited, asked about their interests or availability to serve in the position.

*ACTING COMMISSIONER FOR THE ROCKLAND COUNTY COMMISION OF HUMAN RIGHTS* - *November 2016*

34. In November 2016, individual defendants Rosa and Day, and the County defendant, once again, caused Myrnia Bass-Hargrove to serve as Acting Commissioner for the Rockland County Commission of Human Rights.

*ACTING DIRECTOR OF THE OFFICE OF COMMUNITY DEVELOPMENT* – *November 2016*

35. And once again, Rosa and Day, and the County Defendant, caused a woman, Maria Frank, to be appointed as an Acting Director of the Office of Community Development, of which Plaintiff had been the sole employee.

36. And once again, Plaintiff became Frank's subordinate, despite his superior qualifications and experience.

37. And once again, neither individual defendants nor defendant county posted vacancy announcements soliciting applications for the position of Acting Director of the Office of Community Development, and neither plaintiff nor any other males were solicited, recruited, asked about their interests in, or availability to serve in the position

*ACTING COMMISSIONER FOR THE ROCKLAND COUNTY COMMISION OF HUMAN RIGHTS* - *July 13, 2017*

38. On July 13, 2017, individual defendants, Rosa and Day, and County Defendant, caused Constance L. Frazier, a woman, to be appointed Acting Commissioner for the Rockland County Commission of Human Rights.

39. Individual defendants failed to even consider Plaintiff for the vacant position of Commissioner for the Rockland County Commission of Human Rights despite the fact that his experience and qualifications were vastly superior to Frazier's.

    *PROBABLE CAUSE DETERMINATION – May 1, 2019*

40. On May 1, 2019, the United States Equal Employment Opportunity Commission found that there was probable cause, after an extensive investigation, inclusive of interviews, to believe that the County defendant had discriminated against Plaintiff, by repeatedly failing to promote him on the basis of his gender.

41. Plaintiff received a right to sue letter on December 6, 2019.

42. Rockland County's failure to promote Plaintiff was the result of its own practices, polices and customs.

43. Moreover, qualified immunity is not available to the individual defendants herein as prohibitions against gender discrimination in government employment are clearly established.

44. As a result of Rockland County's acts and omissions, Plaintiff, Daniel Jean-Giles has been denied promotional opportunities, and the salary increases that would have come along with each such promotions that he was so denied.

45. Daniel Jean-Giles has suffered humiliation and anguish as a proximate result of Rockland County's acts and omissions.

46. Daniel Jean-Giles's good name and reputation has been damaged as a proximate result of Rockland County's acts.

47. Daniel Jean-Giles has a not been able to ameliorate his employment situation despite his good faith efforts.

48. Individual defendants' acts were in reckless indifference to Plaintiff's rights, and were intentionally discriminatory, entitling Plaintiff, Daniel Jean-Giles, to punitive damages as against the individual defendants.

## V.   <u>CAUSE OF ACTION</u>

<u>FIRST CAUSE OF ACTION</u> - Gender Discrimination
(42 U.S.C. Section 2000(e))

49. Daniel Jean-Giles re-alleges all of the prior paragraphs above, as if fully stated.

50. Rockland County's repeatedly passing Plaintiff over for promotion on account of his gender violated 42 U.S.C. Section 2000(e).

<u>SECOND CAUSE OF ACTION</u> - Gender Discrimination
(42 U.S.C. Section 1983)

51. Daniel Jean-Giles re-alleges all of the prior paragraphs above, as if fully stated.

52. All defendants, by repeatedly passing Plaintiff over for promotion on account of his gender, violated the 14th Amendment of the United States Constitution's Equal Protection Clause, as made actionable by 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

    a. An award of damages for humiliation, mental pain and suffering associated with Plaintiff's being passed over for promotion;

    b. An award of damages for lost compensation as a consequence for plaintiff's being passed over for promotion;

    c. An award of punitive damages, as against the individual defendants, as a consequence of their discriminatory treatment of plaintiff and their reckless disregard for plaintiff's rights;

    d. The costs of this action and Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

    e. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      March 5, 2020

                          Respectfully Submitted

                          _____
                          *Ambrose W. Wotorson, Jr., Esq.*
                          Law Offices of Ambrose Wotorson
                          225 Broadway, 41st Floor
                          New York, New York 10007

212-884-5985
Loaww1650@aol.com