UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DANIEL JEAN-GILLES,
             Plaintiff,

v.                                                                          **ORDER**

ROCKLAND COUNTY; EDWIN DAY; and           20 CV 1999 (VB)
JOSE GUILLERMO ROSA,
             Defendants.
--------------------------------------------------------------x

      On March 5, 2020, plaintiff Daniel Jean-Gilles commenced the instant action against defendants Rockland County, Edwin Day, and Jose Guillermo Rosa. (Doc. #1). On April 17, 2020, plaintiff filed an amended complaint. (Doc. #3).[1]

      On July 20, 2020, plaintiff docketed proofs of service indicating service on defendants on July 20, 2020. (Doc. #13). Accordingly, defendants had until August 10, 2020, to respond to the amended complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i).

      To date, defendants have neither appeared in this action nor answered, moved, or otherwise responded to the amended complaint.

      Accordingly, provided that defendants remain in default, plaintiff is ORDERED to seek certificates of default as to defendants by August 26, 2020, and thereafter to move, by order to show cause and in accordance with the Court's Individual Practices, for default judgment against defendants by September 9, 2020. **If plaintiff fails to satisfy either deadline, the Court may dismiss the case without prejudice for failure to prosecute or failure to comply with court orders. Fed. R. Civ. P. 41(b).**

Dated: August 12, 2020
       White Plains, NY

                                          SO ORDERED:

                                          _____
                                          Vincent L. Briccetti
                                          United States District Judge

---

[1] On July 15, 2020, plaintiff attempted to file a second amended complaint. (Doc. #9). However, the Clerk of Court rejected the filing because the Court had not granted plaintiff leave to further amend his pleading. See Fed. R. Civ. P. 15(a)(1) (noting "[a] party may amend its pleading once as a matter of course.") (emphasis added); see also Fed. R. Civ. P. 15(a)(2) (noting "i[n] all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").