# EXHIBIT "2"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

**Charging Party/Complainant**
Daniel Jean-Gilles (Pro Se)
86 Third Avenue
Nyack, New York 10960

**EEOC Charge No.:**
520-2018-01462

**Respondent**
Rockland County
c/o County Executive
11 New Hempstead Rd.
New City, New York 10956

**Respondent's Representative**
Rockland County
Jefferey Fortunato, Esq.
Assistant County Attorney
50 Sanatorium Road, building A
Pomona, NY 10970

## DETERMINATION

The U.S. Equal Employment Opportunity Commission ("Commission") hereby issues the following determination based upon merits of subject charge. Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. All statutory requirements for timeliness, deferral and coverage have been met.

Respondent, part of New York State, is a southern government county located on the west side of the Hudson River with approximately 329,000 residents. Respondent's administration provides educational, environmental, public safety, transportation, social services, human rights and other related public services on behalf of its five towns and 19 villages.

In the instant charge, Charging Party (CP), an African-American male now age 56, alleges that Respondent has repeatedly denied him promotional opportunities from his current position held since 1992, Human Rights Specialist of the Rockland County Commission on Human Rights, to a Commissioner's post, appointing females instead. CP, at various times, performed the tasks and standards of such title under an acting capacity until a given female was officially appointed on several occasions within the last three years. According to CP, Respondent's executives had previously stated that "the county was going to hire a woman for the position of Commissioner of Human Rights because men commissioner(s) has not worked out too well." CP believes

Respondent's actions limit equal opportunity to apply and is otherwise a refusal to hire males evident by appointments of two females to these positions in 2016 onward.

In its Position Statement, Respondent denies these allegations, contending CP neither expressed interest in the subject position under the County Executive's Office nor apply for a temporary Acting Commissioner vacancy in the recent past. Respondent further asserts that there can be no discrimination, retaliation or adverse employment action when a gainfully-employed staff neither communicated interest in, nor submitted an application toward, a specific position. Notably, Respondent concedes to the hiring of an African-American female, Dr. Penny Jennings, as Commissioner of Human Rights effective June 2018 through present.

The Commission's investigation, comprised of key interviews, credibility assessments, document analysis and convincing rebuttals, substantiated the stated accusations. The documentary evidence obtained in the probe supports CP's assertions of bias based on his sex (male). In an email exchange dated 23 June 2016, an independent, credible witness disclosed to CP that Respondent's Deputy County Executive specifically pointed out (i.e., during an official meeting weeks earlier) intentions in hiring a "woman commissioner because the last two commissioners were men and that hasn't worked out too well." Moreover, Respondent failed to provide a neutral policy for filling the position of Commissioner of Human Rights, concluding an adverse inference surrounding Respondent's employment practices.

Based on the aforesaid, Respondent's asserted defenses do not withstand scrutiny and the Commission finds that its actions have violation Title VII based on sex.

This determination is final. Title VII requires that if the Commission determines the existence of reasonable cause to believe violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation and persuasion. Therefore, the Commission now invites Respondent to join with it in reaching a just resolution of this matter; enclosed-herewith is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations.

If Respondent declines to enter into conciliation discussions or should the Commission's representative become unable to secure an acceptable agreement, the Director shall so inform the parties, advising them of court-enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

_____
Kevin Berry
District Director

5/1/2019
Date