UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

DANIEL JEAN-GILLES

                              Plaintiff,           20-CV-1999

                                           ***SECOND*** *AMENDED COMPLAINT*
                                               NON-JURY TRIAL

—Against—

ROCKLAND COUNTY, EDWIN DAY,
*Individually*, and JOSE GUILLERMO ROSA,
*Individually*
                                        Defendants.
———————————————————————X

Daniel Jean-Gilles, by the Law Offices of Ambrose Wotorson, alleges as follows:

I.    INTRODUCTION

1. Daniel Jean-Gilles, whom at all relevant times, served in the position of Human Rights Specialist for Rockland County, was subjected to sex and gender discrimination.

2. Daniel Jean-Gilles was also subjected to failures to promote, the last instance of which occurred on or about July 13, 2017.

3. It is beyond dispute that Daniel Jean-Gilles was satisfactorily performing, on a full-time basis, at the time of the failures to promote him.

II.    PARTIES

4. Daniel Jean-Gilles ("Plaintiff"), at all relevant times, served in the position of Human Rights Specialist for Rockland County. Daniel Jean-Gilles resides in Rockland County, New York.

5. Defendant Rockland County is a political subdivision in the State of New York. It may sue be sued, and at all relevant times, it employed Daniel Jean-Gilles in the position of Human Rights Specialist, at one of its departments, the Rockland County Commission of

Human Rights. Rockland County's headquarters is located at 11 New Hempstead in Road, New City, New York, 10956. At all relevant times, Rockland County acted under color of law and pursuant to its own practices, customs and policies.

6. Defendant, EDWIN DAY, whom at all relevant times served as the Rockland County Executive and was the final policymaker and decisionmaker on all department appointments. He may sue and be sued, and he acted under color of law and/or pursuant to Rockland County's practices, customs and policies in refusing to promote Plaintiff. He is herein sued in his individual capacity.

7. Defendant JOSE GUILLERMO ROSA, at all relevant times served as the Rockland County Deputy County Executive and was both a policymaker and a decisionmaker on all department appointments. He may sue and be sued, and he acted under color of law and pursuant to Rockland County's practices, customs and policies in refusing to promote Plaintiff. He is herein sued in his individual capacity.

III. JURISDICTION

8. This Court has jurisdiction over this matter under 42 U.S.C. Sections 2000(e) and 1983. Moreover, the instant action was brought with 90 days of Plaintiff's receipt of a right to sue letter from the U.S. Equal Employment Opportunity Commission. Venue is proper because the acts complained of occurred in this judicial district.

IV. FACTUAL AVERMENTS

9. Daniel Jean-Gilles (hereinafter, "Plaintiff") re-alleges all of the prior paragraphs above, as if fully stated.

10. Plaintiff is a male.

11. Plaintiff was hired by the Rockland County Commission on Human Rights on March 9, 1992 as a Human Right Specialist.

12. For the past 27 years, Plaintiff held the title of Human Rights Specialist for the Rockland County Commission on Human Rights, and he has not been permanently promoted to any higher positions despite serving in various higher positions on an interim basis and performing other services for defendant outside of his Human Rights Specialist title and position.

13. Plaintiff's performance has been fully satisfactory at all relevant times, and in all positions that he has served in.

*Acting Commissioner of Human Rights Position – April 2016*

14. In April 2016, the position of Commissioner of Human Rights became vacant when defendant separated the male incumbent.

15. Plaintiff was well-qualified to serve in this role in light of the fact that he had previously served in that position and title on a temporary basis, had previously performed the functions of that title and position, and he had, at the time, over 23 years of experience with the Rockland County Commission of Human Rights.

16. Individual defendants, Rosa and Day, caused Maria Frank, who is a woman, and who was less experienced and less qualified than Plaintiff, to serve as an acting Commissioner of the Rockland County Commission of Human Rights.

17. Plaintiff was not solicited, consulted or asked about his interest in, or his availability to serve as the Acting Commissioner of the Rockland County Commission of Human Rights.

18. Moreover, defendants did not post any vacancy announcements or solicit any applications for the vacant Commissioner positioner.

*Acting Head of the Department of Community Development – November 16, 2016*

19. On November 16, 2016, individual defendants, Rosa and Day, caused Myrnia Bass-Hargrove, a woman, to be appointed as the Acting Head of the Department of Community Development of the Rockland County Commission of Human Rights.

20. Plaintiff was the sole employee of the Department of Community Development within the of the Rockland County Commission of Human Rights at the time, yet he was not solicited, consulted or

asked about his interest in, or his availability to serve as the Acting Head of the Department of Community Development of the Rockland County Commission of Human Rights despite his 23 years of experience.

21. Moreover, defendants did not post any vacancy announcements or solicit applications for the vacant Head of the Department of Community Development position within the Rockland County Commission of Human Rights.

22. Plaintiff thus became Myrnia Bass-Hargrove's subordinate despite his having vastly more experience and qualifications than Bass-Hargrove.

23. At the time of Myrnia Bass-Hargrove's acting appointment, Plaintiff, and not Myrnia Bass-Hargrove, had been conducting the bulk of the day-to-day activities in the one-person department.

*Articulation of County Policy*

24. On May 9, 2016, Deputy County Executive Jose Guillermo Rosa, explicitly stated in a meeting with approximately eleven (11) other county employees, that defendant county was going to hire a woman for the recently-vacated position of Commissioner for the Rockland County Commission of Human Rights because the previous two Commissioners were men, and that these men had not "…worked out too well."

25. In other words, defendant Rosa, who was responsible for approving and hiring the Commissioner for the Rockland County Commission of Human Rights, explicitly articulated a policy to exclude men from consideration because the prior two men had "…not worked out too well."[1]

26. Independent, credible witnesses will verify Rosa's non-stray, non-hearsay and admissible statement or a party-opponent.

---

[1] While defendant Guillermo Rosa later stated that men would be given some consideration, it was clear that there was a preference for a woman, and that any efforts by men to become so employed would be futile.

27. Moreover, defendants have never denied, at any time prior to this Complaint, that such a statement was made in a high-level county meeting on or about May 9, 2016 by the Deputy County Executive, Jose Guillermo Rosa.

28. Critically, defendant county and individual defendants did not post any vacancy announcements soliciting applications for the position, and neither Plaintiff nor any other males were solicited, recruited, asked about their interests or availability to serve in the position.

*Acting Commissioner for the Rockland County Commission of Human Rights – May and November 2016*

29. On May 23, 2016, defendants, including individual defendants Rosa and Day, caused a woman, Dr. Dorothy P. Jennings, to be appointed as Acting Commissioner for the Rockland County Commission of Human Rights.

30. However, in October 2016, the Rockland County Legislature rejected Dr. Jennings and refused to confirm her.

31. So, once again, the position of Commissioner for the Rockland County Commission of Human Rights became vacant.

32. And once again, defendant county and individual defendants did not any post vacancy announcements soliciting applications for the position, and neither Plaintiff nor any other males were solicited, recruited, asked about their interests or availability to serve in the position.

33. In November 2016, individual defendants Rosa and Day, and the County defendant, once again, caused Myrnia Bass-Hargrove to serve as Acting Commissioner for the Rockland County Commission of Human Rights.

*Acting Commissioner for the Rockland County Commission of Human Rights – July 13, 2017*

34. On July 13, 2017, individual defendants, Rosa and Day, and County Defendant, caused Constance L. Frazier, a woman, to be appointed Acting Commissioner for the Rockland County Commission of Human Rights.[2]

---

[2] Frazier is the current Commissioner.

35. Individual defendants failed to even consider Plaintiff for the vacant position of Commissioner for the Rockland County Commission of Human Rights despite the fact that his experience and qualifications were vastly superior to Frazier's.

36. On May 1, 2019, the United States Equal Employment Opportunity Commission issued a determination "based upon merits" finding that defendant Rockland County's asserted defenses against Plaintiff's sex and gender claims of discriminatory failure to promote, did not withstand scrutiny, and that Rockland County's actions violated Title VII and the EEOC's Regulations. (See Exhibit "1").

37. Rockland County's continuous failure to promote Plaintiff was the result of its own practices, polices and customs.

38. Moreover, qualified immunity is not available to the individual defendants herein, as prohibitions against sex and gender discrimination in government employment are clearly established.

39. As a result of Rockland County's acts and omissions, Plaintiff, Daniel Jean-Gilles has been denied promotional opportunities, and the salary increases that would have come along with each such promotions that he was so denied.

40. Daniel Jean-Gilles has suffered humiliation and anguish as a proximate result of Rockland County's acts and omissions.

41. Daniel Jean-Gilles's good name and reputation has been damaged as a proximate result of Rockland County's acts.

42. Daniel Jean-Gilles has a not been able to ameliorate his employment situation despite his good faith efforts.

43. Individual defendants' acts were in reckless indifference to Plaintiff's rights, and were intentionally discriminatory, entitling Plaintiff, Daniel Jean-Gilles, to punitive damages as against the individual defendants.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION** - Sex and gender Discrimination
(42 U.S.C. Section 2000(e))

44. Daniel Jean-Gilles re-alleges all of the prior paragraphs above, as if fully stated.

45. Rockland County's repeatedly passing Plaintiff over for promotion on account of his sex and gender violated 42 U.S.C. Section 2000(e).

**SECOND CAUSE OF ACTION** - Sex and gender Discrimination
(42 U.S.C. Section 1983)

46. Daniel Jean-Gilles re-alleges all of the prior paragraphs above, as if fully stated.

47. All defendants would not have repeatedly passed Plaintiff over for promotion, but for his sex and gender, and thus, violated the 14th Amendment of the United States Constitution's Equal Protection Clause, as made actionable by 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

   a. An award of damages for humiliation, mental pain and suffering associated with Plaintiff's being passed over for promotions since 2016.

   b. An award of damages for lost compensation as a consequence for Plaintiff's being passed over for promotions since 2016.

   c. An award of punitive damages, as against the individual defendants, as a consequence of their discriminatory treatment of Plaintiff and their reckless disregard for Plaintiff's rights, since 2016.

   d. The costs of this action and Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

e. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 7, 2020

Respectfully Submitted

Ambrose W. Wotorson, Jr., Esq.
Law Offices of Ambrose Wotorson
225 Broadway, 41st Floor
New York, New York 10007
212-884-5985
Loaww1650@aol.com

# EXHIBIT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

**Charging Party/Complainant**
Daniel Jean-Gilles (Pro Se)
86 Third Avenue
Nyack, New York 10960

**EEOC Charge No.:**
520-2018-01462

**Respondent**
Rockland County
c/o County Executive
11 New Hempstead Rd.
New City, New York 10956

**Respondent's Representative**
Rockland County
Jefferey Fortunato, Esq.
Assistant County Attorney
50 Sanatorium Road, building A
Pomona, NY 10970

## DETERMINATION

The U.S. Equal Employment Opportunity Commission ("Commission") hereby issues the following determination based upon merits of subject charge. Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. All statutory requirements for timeliness, deferral and coverage have been met.

Respondent, part of New York State, is a southern government county located on the west side of the Hudson River with approximately 329,000 residents. Respondent's administration provides educational, environmental, public safety, transportation, social services, human rights and other related public services on behalf of its five towns and 19 villages.

In the instant charge, Charging Party (CP), an African-American male now age 56, alleges that Respondent has repeatedly denied him promotional opportunities from his current position held since 1992, Human Rights Specialist of the Rockland County Commission on Human Rights, to a Commissioner's post, appointing females instead. CP, at various times, performed the tasks and standards of such title under an acting capacity until a given female was officially appointed on several occasions within the last three years. According to CP, Respondent's executives had previously stated that "the county was going to hire a woman for the position of Commissioner of Human Rights because men commissioner(s) has not worked out too well." CP believes

Respondent's actions limit equal opportunity to apply and is otherwise a refusal to hire males evident by appointments of two females to these positions in 2016 onward.

In its Position Statement, Respondent denies these allegations, contending CP neither expressed interest in the subject position under the County Executive's Office nor apply for a temporary Acting Commissioner vacancy in the recent past. Respondent further asserts that there can be no discrimination, retaliation or adverse employment action when a gainfully-employed staff neither communicated interest in, nor submitted an application toward, a specific position. Notably, Respondent concedes to the hiring of an African-American female, Dr. Penny Jennings, as Commissioner of Human Rights effective June 2018 through present.

The Commission's investigation, comprised of key interviews, credibility assessments, document analysis and convincing rebuttals, substantiated the stated accusations. The documentary evidence obtained in the probe supports CP's assertions of bias based on his sex (male). In an email exchange dated 23 June 2016, an independent, credible witness disclosed to CP that Respondent's Deputy County Executive specifically pointed out (i.e., during an official meeting weeks earlier) intentions in hiring a "woman commissioner because the last two commissioners were men and that hasn't worked out too well." Moreover, Respondent failed to provide a neutral policy for filling the position of Commissioner of Human Rights, concluding an adverse inference surrounding Respondent's employment practices.

Based on the aforesaid, Respondent's asserted defenses do not withstand scrutiny and the Commission finds that its actions have violation Title VII based on sex.

This determination is final. Title VII requires that if the Commission determines the existence of reasonable cause to believe violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation and persuasion. Therefore, the Commission now invites Respondent to join with it in reaching a just resolution of this matter; enclosed-herewith is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations.

If Respondent declines to enter into conciliation discussions or should the Commission's representative become unable to secure an acceptable agreement, the Director shall so inform the parties, advising them of court-enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

_____
Kevin Berry
District Director

5/1/2019
Date

3