UNITED STATE DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u> _____ x

DANIEL JEAN-GILES,

                **Plaintiff,**

        **-against-**

                              **Case No.: 20-cv-01999-VB**

ROCKLAND COUNTY, EDWIN DAY,
*individually,* and JOSE GUILLERMO ROSA,
*individually*,

                **Defendants.**
_____x

<u>**DEFENDANTS' ANSWER TO**</u>
<u>**PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

        Defendants Rockland County (herein "Defendants"), Edwin Day and Jose Guillermo Rosa, by and through their undersigned counsel, Jackson Lewis P.C., for their Amended Answer and Affirmative Defenses to the Second Amended Complaint ("Second Amended Complaint") filed by Plaintiff Daniel Jean-Giles ("Plaintiff") respond and plead as follows:

        1.     Defendants deny the allegations set forth in Paragraph 1 of Plaintiff's Second Amended Complaint.

        2.     Defendants deny the allegations set forth in Paragraph 2 of Plaintiff's Second Amended Complaint.

        3.     Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Second Amended Complaint.

<u>**AS TO "PARTIES"**</u>

        4.     Defendants admit the allegations set forth in Paragraph 4 of Plaintiff's Second Amended Complaint.

        5.     Defendants admit the allegations set forth in Paragraph 5 of Plaintiff's Second Amended Complaint, except refer all questions of law to the Court.

6.      Defendants deny the allegations set forth in Paragraph 6 of Plaintiff's Second Amended Complaint, except refer all questions of law to the Court.

7.      Defendants deny the allegations set forth in Paragraph 7 of Plaintiff's Second Amended Complaint, except refer all questions of law to the Court.

<u>**AS TO "JURISDICTION"**</u>

8.      Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's Second Amended Complaint, except state Plaintiff purports jurisdiction is proper.

<u>**AS TO "FACTUAL AVERMENTS"**</u>

9.      Defendants repeats and realleges each and every response contained in Paragraphs 1 through 8 above as if set forth fully herein in response to Paragraph 9 of the Second Amended Complaint.

10.      Defendants admit the allegations set forth in Paragraph 10 of Plaintiff's Second Amended Complaint.

11.      Upon information and belief, Defendants admit the allegations set forth in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.      Defendants deny the allegations set forth in Paragraph 12 of Plaintiff's Second Amended Complaint, except admit Plaintiff was never permanently promoted.

13.      Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.      Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Second Amended Complaint, except admit position became vacant.

15.      Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.      Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Second

Amended Complaint.

17.     Defendants admit the allegations set forth in Paragraph 17 of Plaintiff's Second Amended Complaint, and state that Plaintiff never expressed interest to Defendants in the open position.

18.     Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Defendants deny the allegations set forth in Paragraph 19 of Plaintiff's Second Amended Complaint, except admit that Ms. Bass-Hargrove was appointed to the position.

20.     Defendants deny the allegations set forth in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of Plaintiff's Second Amended Complaint

24.     Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's Second Amended Complaint

25.     Defendants deny the allegations set forth in Paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Second Amended Complaint, except admit Ms. Jennings was appointed to the position.

30.     Defendants admit the allegations set forth in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Defendants admit the allegations set forth in Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Second Amended Complaint, except admit that Ms. Bass-Hargrove was appointed to the position.

34.     Defendants deny the allegations set forth in Paragraph 34 of Plaintiff's Second Amended Complaint except admit Ms. Frazier was appointed to the position.

35.     Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's Second Amended Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of Plaintiff's Second Amended Complaint except state that the EEOC issued a probable cause determination.

37.     Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's Second Amended Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Second Amended Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of Plaintiff's Second Amended Complaint.

## AS TO "FIRST CAUSE OF ACTION"

44.     Defendants repeats and realleges each and every response contained in Paragraphs 1 through 43 above as if set forth fully herein in response to Paragraph 44 of the Second Amended Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Second Amended Complaint.

## AS TO "SECOND CAUSE OF ACTION"

46.     Defendants repeats and realleges each and every response contained in Paragraphs 1 through 45 above as if set forth fully herein in response to Paragraph 46 of the Second Amended Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Second Amended Complaint.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that Defendants otherwise would not have.

*        *        *        *        *        *

Pending the conclusion of further discovery and investigation, Defendants reserves its right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of Plaintiff's claims.

### AS TO AND FOR A FIRST AFFIRMATIVE DEFENSE

48.    Plaintiff's Second Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which damages can be awarded.

### AS TO AND FOR A SECOND AFFIRMATIVE DEFENSE

49.    The County acted in accordance with all Laws, Rules and Regulations.

### AS TO AND FOR A THIRD AFFIRMATIVE DEFENSE

50.    Plaintiff's claims against Defendants are barred, in whole or in part, by the applicable State law.

### AS TO AND FOR A FOURTH AFFIRMATIVE DEFENSE

51.    Plaintiff's claims for damages against Defendants are barred, in whole or in part, because Plaintiff has failed to make sufficient efforts to mitigate his alleged damages.

### AS TO AND FOR A FIFTH AFFIRMATIVE DEFENSE

52.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands and/or other equitable defenses.

### AS TO AND FOR A SIXTH AFFIRMATIVE DEFENSE

53.    Defendants Day and Rosa are entitled to qualified immunity.

## AS TO AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## AS TO AND FOR A EIGHTH AFFRMATIVE DEFENSE

55.     Plaintiff failed to satisfy the conditional prerequisites for the claims raised herein.

## RESERVATION OF DEFENSES

Defendants reserves the right to amend their answer to raise affirmative defenses as facts supporting those claims become known through the course of discovery.

**WHEREFORE,** Defendants pray that:

(a)     Plaintiff's Second Amended Complaint be dismissed with prejudice;

(b)     Each and every demand, claim and prayer for relief contained in Plaintiff's Second Amended Complaint be denied;

(c)     Defendants be awarded reimbursement for costs and attorneys' fees of defending this action; and,

(d)     Such other and further relief as is deemed just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
Tel.:   (914) 872-8060
Fax:   (914) 946-1216

By:   _____
Greg Riolo
*ATTORNEYS FOR DEFENDANTS*

Dated: December 21, 2020
White Plains, New York

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK ......................x

DANIEL JEAN-GILES,

               **Plaintiff,**

         **-against-**

                                            **Case No.: 20-cv-01999**

ROCKLAND COUNTY, EDWIN DAY,
*individually,* and JOSE GUILLERMO ROSA,
*individually*,

               **Defendants.**
......................................................................................................x

## <u>CERTIFICATE OF SERVICE</u>

        The undersigned hereby certifies that a true and correct copy of the foregoing

Defendants' Amended Answer has been filed via ECF on December 21, 2020, on Plaintiff's

counsel of record in the above-captioned action at the e-mail address set forth below:

Ambrose W. Wotorson, Jr., Esq.
Law Offices of Ambrose Wotorson
225 Broadway, 41st Floor
E-mail: loaww1650@aol.com
*Attorney for Plaintiff*

                                            _____
                                              Greg Riolo